959 F.2d 243
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Laurie Anne TILLMAN, aka: Lori Ann Tillman; aka: Laurie
Ann Tillman, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lawrence Warren SMITH, Defendant-Appellant.
 Nos. 90-50058, 90-50059.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 6, 1992.
Decided April 3, 1992.
 
 1
 Before HUG and PREGERSON, Circuit Judges, and PECKHAM, Senior District Judge.*
 
 
 2
 MEMORANDUM**
 
 A. Laurie Ann Tillman's Claims on Appeal
 
 3
 Co-defendant Laurie Ann Tillman appeals her conviction for narcotics and weapons offenses under 21 U.S.C. §§ 841(a)(1), 846, 26 U.S.C. §§ 5861(d) and 5861(i). Her only argument on appeal is that the prosecutor allegedly made improper remarks during closing argument.
 
 
 4
 Tillman claims prosecutorial misconduct based on two separate comments made in closing argument.[1] First, she claims that the prosecutor stated a personal belief in her guilt. Second, she argues that the prosecutor sought to inflame the passions of the jury.
 
 
 5
 Defense counsel did not object to the prosecutor's closing argument. We must therefore review Tillman's claims of prosecutorial misconduct for plain error. See Fed.R.Crim.Pro. 52(b). Moreover, we must determine whether any error attributable to the prosecutor's remarks is harmless. See Fed.R.Crim.Pro. 52(a). The applicable standard for harmless error is whether it is more probable than not that the misconduct affected the jury's verdict. United States v. Flake, 746 F.2d 535, 541 (9th Cir.1984), cert. denied, 469 U.S. 1225 (1985).
 
 
 6
 Our review of the transcript indicates that the prosecutor's remarks border on impropriety and are at best unnecessary. We note further that such gratuitous remarks often accomplish nothing more than spawn issues on appeal.
 
 
 7
 Over the course of three pages of transcript, we found seven separate remarks by the prosecutor stating that Tillman was guilty. In one such remark, the prosecutor stated that "she's guilty because as a member of the conspiracy, which I think is undeniable, ladies and gentlemen, in light of her actions after that arrest." These remarks come arguably close to an expression of personal belief in the defendant's guilt and could be said to flout ABA standards. See ABA Standards for Criminal Justice, Standard 3-5.8(b).
 
 
 8
 The transcript shows that the prosecutor's remarks were accompanied by other statements reminding the jury of the government's burden of proof and urging jurors to weigh the evidence carefully and take their time to render a verdict. Proper argument does not alter the character of these gratuitous remarks, though it does suggest that any effect on the jury caused by the questionable statements could be minimal. See United States v. Laurins, 857 F.2d 529, 539 (9th Cir.1988) (statements must be viewed in context to see whether they affect the fairness of the trial).
 
 
 9
 We conclude that the prosecutor's unnecessary remarks about Tillman's guilt, if error, would amount to harmless error. The jury had overwhelming, independent evidence to support its finding of Tillman's guilt beyond a reasonable doubt. We do not find it more probable than not that the jury's verdict was materially affected by the prosecutor's remarks.
 
 
 10
 The prosecutor's single exhortation to jurors about their duty to preserve the safety of the community is less troublesome. We found a similar remark permissible in Guam v. Ignacio, 852 F.2d 459 (9th Cir.1988). Accordingly, we find no plain error in this particular remark.
 
 
 11
 We therefore AFFIRM Tillman's conviction on all counts.
 
 B. Lawrence Warren Smith's Claims on Appeal
 
 12
 Co-defendant Lawrence Warren Smith appeals on five of the fourteen counts of drugs and weapons charges for which he was convicted. Following a four-day trial, the jury convicted Smith on all fourteen counts of the indictment. We review each of Smith's claims below, and affirm the jury's verdict of conviction on all challenged counts.
 
 
 13
 Smith contends that the evidence presented at trial was not sufficient to convict him under 21 U.S.C. 841(a)(1). Specifically, he says that the 27.7 grams of methamphetamine seized by federal agents at the time of his arrest were for personal use rather than distribution. When reviewing a challenge to a conviction for sufficiency of the evidence, we view the evidence in the light most favorable to the prosecution to determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Torres-Rodriguez, 935 F.2d 1047, 1048 (9th Cir.1991) (citations omitted) (emphasis in original).
 
 
 14
 Government experts testified on dosage amounts, personal use, and distribution practices to support the conclusion that the 27.7 grams were not for Smith's personal use. The government also presented several items of circumstantial evidence from which the jury could infer beyond a reasonable doubt that Smith intended to distribute the 27.7 grams. We therefore conclude that the evidence was sufficient to convict Smith under 21 U.S.C. 841(a)(1).
 
 
 15
 In a related claim, Smith contends that the district court erred by excluding certain testimony offered by defense experts to support Smith's claim that he possessed the 27.7 grams for personal use only. We review a district court's decisions on admissibility of expert testimony for abuse of discretion. United States v. Peralta, 941 F.2d 1003, 1009 (9th Cir.1991). The district court has wide latitude to exclude or limit expert testimony. United States v. Sinigaglio, 942 F.2d at 581, 584 (9th Cir.1991); United States v. Aguon, 851 F.2d 1158, 1171 (9th Cir.1988); United States v. Langford, 802 F.2d 1176, 1179 (9th Cir.1986), cert. denied, 483 U.S. 1008 (1987). Furthermore, we must review any errors on admissibility to determine whether they are harmless. Fed.R.Crim.Pro. 52(a). We will reverse for nonconstitutional error "unless it is more probable than not that the error did not materially affect the verdict." United States v. Cepeda, 851 F.2d 1564, 1567 (9th Cir.1988) (citations omitted); see United States v. McAllister, 747 F.2d 1273, 1277 (9th Cir.1984), cert. denied, 474 U.S. 829 (1985).
 
 
 16
 Even if we assume that the district court abused its discretion by limiting testimony by defense experts, we are bound to conclude that any such error is harmless. First, the district court placed only minimal limitations on defense expert testimony. Second, the evidence excluded by the district court was submitted to the jury through the testimony of other, albeit non-expert defense witnesses. Third, the government presented substantial independent evidence to show that the 27.7 grams were for distribution rather than Smith's personal use.
 
 
 17
 Viewing the record as a whole, we cannot conclude that it is more probable than not that the jury's verdict was materially affected by the district court's rather minimal limitations on defense experts. Although we are sympathetic to Smith's argument that any claim of error could hardly be considered harmless if it relates to a charge resulting in a substantial increase in Smith's term of imprisonment, we hasten to point out that this is not the standard for harmless error in this circuit.
 
 
 18
 Smith next argues that his conviction under 18 U.S.C. 924(c)(1) for possession of a gun in conjunction with a drug trafficking offense is not supported by substantial evidence. We have already determined that Smith's conviction for the underlying drug offense is supported by substantial evidence. Accordingly, we need not re-analyze this part of Smith's challenge to the gun charge.
 
 
 19
 Our decision in United States v. Torres-Medina, 924 F.2d 1047 (9th Cir.1991) governs our consideration of Smith's claim. In Torres-Medina, we held that conviction under the statute requires only that the gun "embolden" the accused to conduct drug transactions. Id. at 1050 (citing United States v. Stewart, 779 F.2d 538, 540 (9th Cir.1988)). We rejected a doctrine of constructive possession, but did not require that the firearm be within the defendant's reach during the commission of the crime or at the moment of arrest. Torres-Medina, 935 F.2d 1047 at 1049 n. 2, 1049-50. We emphasized that our analysis of sufficient evidence claims under § 924(c)(1) will focus on the circumstances of each case. Id. at 1050.
 
 
 20
 We find that sufficient evidence supported the jury's verdict convicting Smith for violation of 18 U.S.C. § 924(c)(1). The Mac-10 automatic pistol was located in the attic where Smith was found by the police at the time of his arrest. At that time, Smith threatened to kill the police. The 27.7 grams of methamphetamine were found on the floor directly below the attic in a case with a Mac-10 sticker on it. Inside that case along with the drugs were instructions for using the Mac-10. Smith even admitted at first that the case was his, though he later claimed that others also had access to it.
 
 
 21
 We find that the evidence meets the standard of sufficiency set out for convictions under 18 U.S.C. § 924(c)(1) in Torres-Medina. Viewing the evidence in the light most favorable to the government, we find that a jury could have found that all of the elements of an offense under § 924(c)(1) were established beyond a reasonable doubt.
 
 
 22
 AFFIRMED.
 
 
 
 *
 Honorable Robert F. Peckham, Senior District Judge for the Northern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Tillman also claimed that the prosecutor commented during closing argument on Tillman's failure to testify at the trial. The government responded that the trial transcript was inaccurate, and filed a motion with the district court to amend the record accordingly. The district court granted the government's motion. This issue is therefore resolved